IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00712-GPG-KAS

LEPRINO FOODS COMPANY,

       Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC.,

       Defendant.

---

**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

---

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A.    Leprino's Breach of Contract Claim Fails ................................................................ 1

         i. ERISA preempts Leprino's breach of contract claim ......................................... 2

         ii. Leprino's preemption cases are inapplicable ....................................................... 4

    B.    Leprino's ERISA Breach of Fiduciary Duty Claim Fails ......................................... 7

         i. Leprino improperly seeks recovery for its own alleged harm ............................. 7

         ii. United complied with its obligation to pay facially valid claims
and was not required to scrutinize non-claim documents before paying ............ 8

III. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aetna Health Inc. v. Davila*,
  542 U.S. 200 (2004) ..................................................................................................................2

*Airparts Co. v. Custom Benefit Services of Austin, Inc.*,
  28 F.3d 1062 (10th Cir. 1994) ................................................................................................4, 5

*Allen v. GreatBanc Tr. Co.*,
  835 F.3d 670 (7th Cir. 2016) ......................................................................................................9

*AutoNation, Inc. v. United Healthcare Ins. Co.*,
  423 F. Supp. 2d 1265 (S.D. Fla. 2006) .........................................................................3, 4, 5, 10

*Band v. Blue Cross Blue Shield of Mich.*,
  183 F. Supp. 3d 835 (E.D. Mich. 2016) .....................................................................................9

*Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*,
  103 F.4th 597 (9th Cir. 2024) .....................................................................................................3

*Carlo v. Reed Rolled Thread Die Co.*,
  49 F.3d 790 (1st Cir. 1995) ........................................................................................................4

*Comau LLC v. Blue Cross Blue Shield of Mich.*,
  No. 19-cv-12623, 2020 WL 7024683 (E.D. Mich. Nov. 30, 2020) .........................................10

*David P. Coldesina, D.D.S., P.C., Emp. Profit Sharing Plan & Tr. v. Estate of Simper*,
  407 F.3d 1126 (10th Cir. 2005) ..................................................................................................3

*Diné Citizens Against Ruining Our Env't v. Haaland*,
  59 F.4th 1016 (10th Cir. 2023) ...............................................................................................1, 9

*Express Oil Change, LLC v. ANB Insurance Services., Inc.*,
  933 F. Supp. 2d 1313 (N.D. Ala. 2013) ..................................................................................5, 6

*Fifth Third Bancorp v. Dudenhoeffer*,
  573 U.S. 409 (2014) ...................................................................................................................1

*Fortelney v. Liberty Life Assurance Co. of Bos.*,
   790 F. Supp. 2d 1322 (W.D. Okla. 2011) ............................................................................3, 4

*Foster v. PPG Indus., Inc.*,
   693 F.3d 1226 (10th Cir. 2012) ................................................................................................8

*Gaither v. Aetna Life Ins. Co.*,
   394 F.3d 792 (10th Cir. 2004) .................................................................................................7

*Gilbertson v. Allied Signal, Inc.*,
   328 F.3d 625 (10th Cir. 2003) .................................................................................................7

*Hartford Life & Accident Ins. Co. v. Jones-Atchison*,
   No. CIV-17-654-D, 2019 WL 4007218 (W.D. Okla. Aug. 23, 2019), *aff'd*,
   No. 20-6135, 2021 WL 4258761 (10th Cir. Sept. 20, 2021) .................................................8, 9

*Hornady Transp. LLC v. McLeod Health Servs. Inc.*,
   773 F. Supp. 2d 622 (D.S.C. 2011) ........................................................................................10

*Hughes Supply Inc. v. Robey–Barber Ins. Servs., Inc.*,
   No. 99-2904-CIV-T-17C, 2000 WL 782954 (M.D. Fla. June 5, 2000) ................................5, 6

*Jones v. Heaton*,
   775 F. App'x 966 (10th Cir. 2019) ..........................................................................................1

*Lind v. Aetna Health, Inc.*,
   466 F.3d 1195 (10th Cir. 2006) ...............................................................................................2

*Ramos v. Banner Health*,
   461 F. Supp. 3d 1067 (D. Colo. 2020) .................................................................................8, 9

*Roth v. Sawyer-Cleator Lumber Co.*,
   16 F.3d 915 (8th Cir. 1994) .....................................................................................................9

*Salzer v. SSM Health Care of Okla. Inc.*,
   762 F.3d 1130 (10th Cir. 2014) ...............................................................................................4

*Sharp Elecs. Corp. v. Metro. Life Ins. Co.*,
   578 F.3d 505 (7th Cir. 2009) ...................................................................................................8

*W.E. Aubuchon Co. v. BeneFirst, LLC*,
   661 F. Supp. 2d 37 (D. Mass. 2009) ........................................................................................6

*Wright v. Or. Metallurgical Corp.*,
   360 F.3d 1090 (9th Cir. 2004) .................................................................................................8

*Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, LLP*,
    584 F. App'x 918 (10th Cir. 2014) .................................................................................8

**Statutes**

29 U.S.C. § 1109................................................................................................................8

29 U.S.C. § 1132(a)(2).......................................................................................................8

29 U.S.C. § 1132(a)(3).......................................................................................................8

29 U.S.C. § 1144................................................................................................................4

29 U.S.C. § 1144(a) ...........................................................................................................2

**Other Authorities**

29 C.F.R. § 2560.503-1......................................................................................................7

Centers for Medicare & Medicaid Services,
    https://www.cms.gov/Medicare/CMS-Forms/CMS-
    Forms/downloads/cms1500.pdf......................................................................................9

Fed. Rule Civ. P. 12(b)(6)..................................................................................................1

I. **INTRODUCTION**

Leprino Foods Company ("Leprino") clings to general allegations and inaccurate case law descriptions to stave off United HealthCare Services, Inc.'s ("United") Motion. Leprino's primary justification for its plea is that if the Court grants the Motion, Leprino will have no redress for the alleged wrongs it has suffered. Opp. at 1. Leprino's plea is untrue, as it has been suing the surgical centers and doctors who submitted fraudulent claims to United in the Central District of California since 2022. *Leprino Foods Co. v. Avani Outpatient Surgical Ctr., Inc.*, No. 2:22-cv-07434 (C.D. Cal. Oct. 12, 2022).[1] But even if it were true, Leprino's concern is not enough to disrupt Congress' well-balanced regulatory regime that considered the pros and cons of limiting administrators' liabilities and determined that, in situations like this, Leprino cannot hold United liable for paying facially valid claims. The Court should therefore grant United's Motion.

II. **ARGUMENT**

The Tenth Circuit has repeatedly cautioned courts to scrutinize ERISA claims early in a litigation because Rule 12(b)(6) is an "important mechanism for weeding out meritless claims." *Jones v. Heaton*, 775 F. App'x 966, 966 (10th Cir. 2019) (quoting *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014)). Leprino's breach of contract and breach of fiduciary duty claims are precisely the type of claims that should not proceed beyond the pleading stage.

A. **Leprino's Breach of Contract Claim Fails**

---

[1] "Judicial notice is proper when a fact is beyond debate." *Diné Citizens Against Ruining Our Env't v. Haaland*, 59 F.4th 1016, 1028 n.5 (10th Cir. 2023). Courts typically "take judicial notice of facts that are a matter of public record." *Id.* That Leprino has sued the surgical centers and doctors concerning the allegedly fraudulent claims is public record.

Leprino contends that "ERISA does not preempt every common law claim that has some connection to an ERISA plan." Opp. at 2. But ERISA is clear that it "shall supersede *any and all* State laws insofar as they may now or hereafter *relate to any* employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1198 (10th Cir. 2006) ("[T]he Supreme Court has found ERISA to preempt nearly all state claims relating to causes of action against covered health insurers . . . .").

Recognizing that Congress has limited administrators' liabilities does not, as Leprino argues, "swallow whole all contractual agreements between corporate plan sponsors and third-party claims administrators." Opp. at 3. So long as the contract breach in dispute does not "relate to" the Plan, the claim will lie. 29 U.S.C. § 1144(a); *see infra* pp. 3-4 (collecting cases). And ERISA remedies remain viable for third-party administrator misconduct that Congress determined would not disincentivize plan adoption, such as failure to pay claims according to Plan terms. *See infra* § II.B. In any event, Leprino's allegations clearly "relate to" the Plan and none of its cited authorities hold otherwise.

i. **ERISA preempts Leprino's breach of contract claim.**

Leprino's claims are preempted for three reasons. First, Leprino's claim goes to the most fundamental of United's claims administrator duties—determining whether and in what amount to pay claims based on the benefits available in the Plan documents. Compl. ¶¶ 32 (claiming that "under the ASA, United had a duty to 'determine whether a benefit is payable under the Plan's

2

provisions'"), 80 ("The ASA contractually requires United to perform claims adjudication . . . "); *see also Fortelney v. Liberty Life Assurance Co. of Bos.*, 790 F. Supp. 2d 1322, 1350 (W.D. Okla. 2011) ("What triggers ERISA preemption is . . . an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit."). Second, Leprino's claim will require the Court to analyze Plan terms to determine whether the claims should have been paid. Compl. ¶¶ 81 (alleging United "breached the ASA by improperly paying claims"); *see also Fortelney*, 790 F. Supp. 2d at 1352. And third, Leprino's claims affect the relationship between it (the sponsor) and United (the claims administrator)—two "principal" ERISA entities. *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 103 F.4th 597, 602 (9th Cir. 2024) (ERISA preempted breach of contract claim because it was, "in reality" "a challenge to the administration of ERISA plan benefits" and "bears on an ERISA-regulated relationship"); *AutoNation, Inc. v. United Healthcare Ins. Co.*, 423 F. Supp. 2d 1265, 1271 (S.D. Fla. 2006) (holding ERISA preempts state laws that affect such relationships).

Leprino's allegations that United misrepresented and withheld information, Opp. at 5, do not save its breach of contract claim from preemption. The Tenth Circuit has *categorically* recognized that "laws and common-law rules providing remedies for misconduct growing out of the administration of such plans" are preempted. *David P. Coldesina, D.D.S., P.C., Emp. Profit Sharing Plan & Tr. v. Estate of Simper*, 407 F.3d 1126, 1136 (10th Cir. 2005). And contrary to Leprino's position, Opp. at 6, *Fortelney* did not involve mere allegations of incorrect payment calculations. The plaintiffs there contended that the administrator "material[ly] misrepresent[ed]" the amount of overpayments and "willfully deceived" the plaintiffs regarding the amount. 790 F. Supp. 2d at 1351 (internal quotation and citation omitted); *see also* Mot. at 10. Even so, the

3

*Fortelney* court ruled that ERISA preempted that breach of contract claim. *Id.*; *see also Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 794 (1st Cir. 1995) (finding misrepresentation claim concerning ERISA plan benefits preempted). Finding that Leprino's breach of contract claim regarding ERISA health plan overpayments does not "'relate[] to' the ERISA Plan" "would completely eviscerate the significance of the phrase 'relate to.'" *AutoNation*, 423 F. Supp. 2d at 1271 (preempting breach of contract claim).

### ii. Leprino's preemption cases are inapplicable.

Leprino's attempts to cast aside United's on-point case law fails. For one, there is no rule, as Leprino suggests, that ERISA preempts only beneficiaries' state common law claims. Opp. at 8; 29 U.S.C. § 1144. Here, Leprino is "arguing the inverse of a typical ERISA claim—instead of a beneficiary suing for underpayment of benefits, the employer is suing for overpayment of benefits." *AutoNation*, 423 F. Supp. 2d at 1270. It "strains logic" to suggest preemption is appropriate for beneficiaries, but not employer sponsors, in like circumstances. *Id.*

Leprino's other supporting cases are also readily distinguishable. For example, in *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1135 (10th Cir. 2014), a patient sued his medical provider for breach of contract when it billed him, instead of his insurance, for care he received. The Hospital Services and Provider Agreement—not the plan—did not allow the provider to bill the patient. *Id.* And the employer sponsor was not a party. *See id.* So unlike here, there was no dispute whether the plan should have paid benefits or in what amount that gave rise to contractual liability. Compl. ¶¶ 26, 32, 80-81.

Leprino's reliance on *Airparts Co. v. Custom Ben Servs. of Austin, Inc.*, 28 F.3d 1062 (10th Cir. 1994) is also misplaced. There, the outside vendor sued was not the plan administrator; the

employer sponsor retained all plan administration responsibilities. *Id.* at 1065. That alone distinguishes *Airparts* from Leprino's allegations, which turn on United's alleged duties as a claim administrator. Compl. ¶¶ 26, 32, 80-81. Additionally, in *Airparts*, the employer sued its outside vendor for negligence, implied indemnity, and common law fraud because the consultant "failed to give timely advice to plaintiffs on the effects of" legislation, "improperly calculated pension benefits, proposed and drafted a useless plan amendment, and deliberately concealed the cost of the amendment and its eventual uselessness from plaintiffs." 28 F.3d at 1064. The court held those claims were not preempted because they did not affect "the relations among the traditional plan entities" as "[t]hose principals, the employer, the plan, the plan fiduciaries, and the beneficiaries, are united in their efforts to secure redress from [the consultant]." *Id.* at 1066. Here, the ERISA "principals" are not united in their efforts to secure redress from United—Leprino, a principal, has sued United, another principal. It is also undisputed that Leprino's contract claim goes to "the primary administrative functions of benefit plans"—no matter what, the Court will have to determine whether the Plan terms required United to pay the claims.

Leprino argues that *AutoNation*, 423 F. Supp. 2d at 1270 and *Express Oil Change, LLC v. ANB Ins. Serv., Inc.*, 933 F. Supp. 2d 1313, 1335-36 (N.D. Ala. 2013) are inapplicable because those courts merely decided that the underlying complaints lacked sufficient detail. Opp. at 7. Leprino misstates the holdings of both cases. *AutoNation*, 423 F. Supp. 2d at 1270-71 (containing no conclusion that the complaint allegations were threadbare or that was somehow determinative); *Express Oil Change*, 933 F. Supp. 2d at 1335-36 (despite complaint's initial lack of specificity, clarifying at summary judgment that everyone agreed the allegedly breached contract was the ASA and that Express Oil overpaid certain claims); *see also Hughes Supply Inc. v. Robey–Barber Ins.*

5

*Servs., Inc.*, No. 99-2904-CIV-T-17C, 2000 WL 782954, at *1, 6 (M.D. Fla. June 5, 2000) (preempting conversion and breach of contract claims where numerous improprieties came to light as to the defendant's administration of the plan under a third-party administrative services agreement). And many of the Complaint paragraphs Leprino cites to characterize its breach of contract claim as something more than addressing claim overpayments do not cite any contractual provision to justify Leprino's claim. *E.g.*, Opp. at 5, citing Compl. ¶¶ 26 (quoting ASA provisions regarding *claim* fraud detection and otherwise asserting United breached certain *fiduciary* duties), 54-56 (failing to quote or cite any ASA provision that United allegedly breached), 57 (failing to quote or cite any ASA provision that United allegedly breached), 69 (summary demand paragraph citing no contractual provision that is independent of obligations to administering the Plan).

Leprino relies on one contrary case, *W.E. Aubuchon Co. v. BeneFirst, LLC*, 661 F. Supp. 2d 37, 43, 48 (D. Mass. 2009), to argue preemption is inappropriate. In *Aubuchon,* the ASA set certain "Performance Standards" for claim adjudication accuracy as determined by an independent auditor's report. *Id.* at 41. The administrator had to maintain an average Claim Accuracy Ratio of ".98 or greater." under the auditor's report. *Id.* Under that ASA, the auditor's findings that the administrator had not maintained the required score *alone* triggered liability. *Id.* at 48. The *Aubuchon* court did not have had to assess whether certain claims were paid correctly under the Plan's terms, which would have swept the claims within ERISA's preemptive reach. *Id.* As the *Express Oil* court explained when distinguishing *Aubuchon*, "the district court in *Aubuchon* clearly distinguished the nature of the breach of contract claims in its case—breach of contract for failure to meet certain performance standards in the contract—from breach of contract for paying claims incorrectly." 933 F. Supp. 2d at 1337. Leprino has not alleged that United breached performance

standards regarding claim adjudication accuracy. ERISA therefore preempts Leprino's breach of contract claim.

B.  **Leprino's ERISA Breach of Fiduciary Duty Claim Fails**

Leprino argues that dismissing its breach of fiduciary duty claim would harm plan beneficiaries. Opp. at 8. That is incorrect. Leprino seeks to hold United liable for timely processing and paying Plan beneficiaries their benefits on facially valid claims, which ERISA requires. 29 C.F.R. § 2560.503-1 (setting deadlines for plans to issue benefit determinations). If United adopted the burdensome administrative hurdles Leprino demands when evaluating claims for benefits, beneficiaries would undoubtedly have plan benefits wrongly delayed or denied. *Gaither v. Aetna Life Ins. Co.*, 394 F.3d 792, 807-08 (10th Cir. 2004) ("While a fiduciary has a duty to protect the plan's assets against spurious claims*, it also has a duty to see that those entitled to benefits receive them*." (emphasis added)); *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 635 (10th Cir. 2003) ("ERISA's procedural regulations [which] are meant to promote . . . reasonably speedy decision-making . . . ."). It is thus Leprino, not United, that is attempting to turn ERISA's purpose on its head. Opp. at 8. Leprino's ERISA breach of fiduciary duty claim fails because (i) Leprino seeks to restore losses to itself and not just the Plan and (ii) United processed and paid facially valid claims from Leprino's beneficiaries.

i.  **Leprino improperly seeks recovery for its own alleged harm.**

Leprino claims it has standing to pursue its ERISA breach of fiduciary duty claim because it only seeks to recoup Plan losses. Opp. at 9. But Leprino's own Complaint disproves this. Leprino pleaded several requests for relief that would only remedy its own injuries as an employer sponsor under "Claim One"—its breach of fiduciary duty claim. Mot. at 12 (quoting, for example, ¶¶ 73

7

(alleging United owed Leprino—not the Plan—a fiduciary duty to administer the Plan), 75 (alleging Leprino, not the Plan, paid for the allegedly fraudulent claims), and 77 (seeking "recovery of Leprino's attorneys' fees and costs")). Those requests are improper and the Court should dismiss them. Mot. at 11-12 (citing and quoting 29 U.S.C. § 1132(a)(2)-(3), 29 U.S.C. § 1109); *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 513 (7th Cir. 2009) (explaining that ERISA does not provide a remedy for "damages and expenses to [a plan sponsor], as a company").

Leprino's lone supporting case, *Ramos v. Banner Health*, 461 F. Supp. 3d 1067 (D. Colo. 2020), is unpersuasive. In *Ramos*, 401(k) plan participants sued the plan sponsor, administrator, and fiduciaries, alleging that defendants breached ERISA's duties of prudence and loyalty. *Id.* at 1122. Nowhere does *Ramos* conclude that Leprino may sue United to remedy its own losses instead of losses to the Plan. ERISA does not permit Leprino to recover damages as an employer sponsor.

### ii. United complied with its obligation to pay facially valid claims and was not required to scrutinize non-claim documents before paying.

Leprino asserts that it does not have to show United departed from the Plan's terms to bring its breach of fiduciary duty claim. Opp. at 10. This argument ignores multiple cases United cited. Mot. at 13-14. Two cases United cited were decided by the Tenth Circuit, and one of them is a published opinion. *Foster v. PPG Indus., Inc.*, 693 F.3d 1226, 1236 (10th Cir. 2012); *Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, LLP*, 584 F. App'x 918, 919 (10th Cir. 2014). On appeal, the Tenth Circuit affirmed United's third case, *Hartford Life & Accident Ins. Co. v. Jones-Atchison*, No. CIV-17-654-D, 2019 WL 4007218, at *1, 5 (W.D. Okla. Aug. 23, 2019), *aff'd*, No. 20-6135, 2021 WL 4258761 (10th Cir. Sept. 20, 2021). And another of United's cases is a published opinion from the Ninth Circuit. *Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004).

United's cases clarify that, at least in this narrow circumstance, an administrator does not breach ERISA fiduciary duties for paying claims that were facially valid under the Plan's terms so long as it followed the Plan's procedures when so doing. Mot. at 13-14. And they further hold that administrators need not investigate external documents or information to assess the validity of claims before paying them, and may instead rely on their ordinary forms. What matters is whether benefits were due under the Plan terms on the claim's face when the claim was submitted, not what United allegedly should have suspected may have been going on behind the scenes at any given time, or even the status of its or the FBI's investigation of those claims. *Id.* (analyzing cases). As *Ramos* concedes, "[t]he prudent fiduciary standard is a 'test of how the fiduciary acted viewed from the perspective of the time of the challenged decision rather than from the vantage point of hindsight.'" 461 F. Supp. 3d at 1123 (quoting *Roth v. Sawyer-Cleator Lumber Co.*, 16 F.3d 915, 918 (8th Cir. 1994)). Here, like the affidavits in *Hartford Life*, United relied on claim forms providers submitted and that swear the claims' truth, accuracy, and legal compliance. *See, e.g.*, CMS-1500 Health Insurance Claim Form Template.[2]

Leprino cites a long line of cases it claims allowed ERISA breach of fiduciary duty claims like the one it pled here. Opp. at 12. But none of its cases are from this circuit. *Id.* All of them are district court cases and two are unpublished. *Id.* And they are all distinguishable. For example, *Allen v. GreatBanc Tr. Co.*, 835 F.3d 670, 673 (7th Cir. 2016) is not about benefit overpayments, but an employee stock ownership plan's trustee's failure to secure appropriate stock valuation. Leprino's other cases are similarly off-point. *Band v. Blue Cross Blue Shield of Mich.*, 183 F. Supp.

---

[2] Centers for Medicare & Medicaid Services, https://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1500.pdf (last visited July 1, 2024). The CMS-1500 form is a public record, so the court may review via judicial notice. *Diné Citizens*, 59 F.4th at 1028 n.5.

9

3d 835, 837-38, 842 (E.D. Mich. 2016) (administrator allegedly overpaid claims at rates higher than federal law allowed); *Hornady Transp. LLC v. McLeod Health Servs. Inc.*, 773 F. Supp. 2d 622, 626-27, 633 (D.S.C. 2011) (primary claims processor was not party to the suit and the claims were allegedly overpaid according to the medical provider's agreement with a third party, not the plan terms). Leprino's closest case, *Comau LLC v. Blue Cross Blue Shield of Mich.*, No. 19-cv-12623, 2020 WL 7024683, at *5, 8 (E.D. Mich. Nov. 30, 2020), also falls short. There, the claim administrator knew its claims processing system "guarantee[d]" overpayments yet did not fix it. *Id.* at *7. Leprino has alleged no similar systematic error or glitch that would guarantee overpayments. *AutoNation* also does not support Leprino's arguments. 423 F. Supp. 2d at 1271. The defendant there argued that no ERISA breach of fiduciary duty claim exists for overpaid benefits because "fiduciary duties under ERISA are owed only to participants and beneficiaries." *Id*. United has not argued that.

Leprino also exaggerates its Complaint allegations, asserting the claims had "indicia of fraud on the[ir] face[.]" Opp. at 13 (citing Compl. ¶¶ 37, 44-48). The Complaint contains no such allegations. *See, e.g.*, Compl. ¶ 37 (referring to timeframes between claims but not alleging that the claims were facially invalid); *id.* ¶¶ 44-48 (referring to United's *post*-claim investigation but not alleging that claims were facially invalid at processing).

The Court should dismiss Leprino's ERISA breach of fiduciary duty claim.

### III. CONCLUSION

For each of the foregoing reasons, United respectfully requests that the Court dismiss Leprino's Complaint with prejudice.

Respectfully submitted this 2nd day of July, 2024.

**CROWELL & MORING LLP**

By: */s/ Meshach Rhoades*
    Meshach Rhoades
    Amy Pauli
    Ashleigh Kaspari
    1601 Wewatta Street, Suite 815
    Denver, Colorado 80202
    Telephone: (303) 524-8617
    Facsimile: (303) 524-8650
    mrhoades@crowell.com
    apauli@crowell.com
    akaspari@crowell.com

    Christopher Flynn
    1001 Pennsylvania Avenue, NW
    Washington, DC 20004
    Telephone: (202) 624-2500
    Facsimile: (202) 628-5116
    cflynn@crowell.com

    *Attorneys for Defendant United HealthCare Services, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2024, a true and correct copy of the foregoing **DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS** was served via CM/ECF upon the following:

| | |
|---|---|
| Cliff Stricklin<br>Jared Lax<br>KING & SPALDING LLP<br>1401 Lawrence Street, Suite 1900<br>Denver, CO 80202<br>cstricklin@kslaw.com<br>jlax@kslaw.com<br><br>*Attorneys for Plaintiff,*<br>*Leprino Foods Company* | Katherine A. Bowles<br>FENNEMORE CRAIG PC<br>2603 Main Street, Suite 1250<br>Irvine, CA 92614<br>Telephone: (949) 752-2911<br>kbowles@fennemorelaw.com<br><br>*Attorneys for Plaintiff,*<br>*Leprino Foods Company* |
| William Mavity<br>Glenn Solomon<br>KING & SPALDING LLP<br>633 West Fifth Street, Suite 1600<br>Los Angeles, CA 90071<br>wmavity@kslaw.com<br>gsolomon@kslaw.com<br><br>*Attorneys for Plaintiff,*<br>*Leprino Foods Company* | |

By: /s/ *Barbara L. Werner*
Barbara L. Werner
CROWELL & MORING LLP

12